IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TERRANCE LORENZO MOSLEY, | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION 07-00692-KD-M |
| WATSON BISHOP, | : | |
| Defendant. | : | |

REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Notice of Appeal (Doc. 35) and Prisoner Consent Form on Appeal accompanied by a certified twelve-month prison account statement (Doc. 38), which Consent Form is being construed as a motion to proceed on appeal without prepayment of fees and which has been referred to the undersigned pursuant to 28 U.S.C. §636(b)(3). For the reasons set forth below, it is recommended that the Motion be denied because the appeal is frivolous and not taken in good faith.

On June 16, 2009, Plaintiff Terrance Lorenzo Mosley, an Alabama prison inmate proceeding *pro se* in this 42 U.S.C. § 1983 action, filed a Notice of Appeal (Doc. 35) of the District Judge's Order, dated May 29, 2009, adopting the Report and Recommendation and dismissing his Eighth and Fourteenth Amendment claims with prejudice (Docs. 33). On July 13, 2009, he filed a Prisoner Consent Form On Appeal (Doc. 38), which is being treated as a motion to proceed on appeal without prepayment of fees.

Notwithstanding a finding of economic eligibility, "[a]n

appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3); *see also Busch v. County of Volusia*, 189 F.R.D. 687, 691 (M.D. Fla. 1999). An appeal is not taken in good faith if it is plainly frivolous. *United States v. Youngblood*, 116 F.3d 1113, 1115 (5th Cir. 1997); *DeSantis v. United Technologies Corp.*, 15 F. Supp. 2d 1285, 1289 (M.D. Fla. 1998) (appeal is not taken in good faith when it fails to "seek[] appellate review of any issue that is not frivolous"), *aff'd*, 193 F.3d 522 (11th Cir. 1999); *United States v. Durham*, 130 F. Supp. 445 (D.C. D.C. 1955) ("good faith" means the existence of a substantial question or one which has merit and is not frivolous); *Sejeck v. Singer Mfg. Co.*, 113 F. Supp. 281 (D.C. N.J. 1953) ("in good faith" means that points on which appeal is taken are reasonably arguable); *United States v. Gicinto*, 114 F. Supp. 929 (W.D. Mo. 1953) (the application should be denied if the trial court is of opinion that the appeal is frivolous, and without merit, and a futile proceeding); *see generally Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (action is frivolous for § 1915 purposes if it is without arguable merit either in law or in fact); *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (same). This Court, in its Order adopting the Report and Recommendation, found that Plaintiff's rights under the Eighth and Fourteenth Amendments had not be violated when he

was temporarily placed in a “stripped” cell (Doc. 33) and Plaintiff has not claimed or pointed out in what way this Order is in error (Doc. 35). Therefore, the Court finds that the appeal is frivolous and not taken in good faith and the implied Motion to Proceed on Appeal without Prepayment of Fees is due to be denied.

Notwithstanding Plaintiff’s indigent status or the denial of permission to proceed *in forma pauperis*, because Plaintiff is a prisoner, 28 U.S.C. § 1915 (as amended by the Prison Litigation Reform Act), requires payment of the full amount of the filing fee. Based upon a review of Plaintiff’s inmate account statement for the most recent twelve-month period (Doc. 38), the Court determines that he has no assets for the 6-month period immediately preceding the filing of the Notice of Appeal and therefore, an initial partial filing fee is not warranted. However, Plaintiff has authorized the deduction of the filing fee from his prison account and the Court **DIRECTS** the Commissioner of the Alabama Department of Corrections or his designee every month to withdraw twenty percent of the preceding month’s income credited to the prisoner’s inmate account and to remit that amount to the District Court Clerk each time the amount in the account exceeds $10.00 until the total filing fee of $455.00 has been paid in full. These payments shall clearly identify Plaintiff’s name and the case number assigned to this action, and

shall be paid by check made payable to "Clerk, U.S. District Court." **Once adopted**, the Clerk is **DIRECTED** to send the Commissioner of the Alabama Department of Corrections and the business manager of the institution where Plaintiff is incarcerated a copy of this Report and Recommendation and the District Judge's Order adopting it.

In conclusion, it is recommended that Plaintiff's Motion to Proceed On Appeal without Prepayment of Fees be denied and that the District Judge certify in writing that Plaintiff's appeal is frivolous and not taken in good faith. Since this recommendation is made after a referral pursuant to 28 U.S.C. § 636(b)(3), Plaintiff does not have the opportunity to file an objection. *Minetti v. Port of Seattle*, 152 F.3d 1113, 1114 (9th Cir. 1998)("Section 636(b)(3) does not provide a party with ten days to file written objections with the district court."). The Clerk is therefore **DIRECTED** to refer this recommendation to the District Judge without the necessity of a waiting period.

DONE this 21st day of July, 2009.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE